UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| MARK MOGEL,<br><br>                Plaintiff,<br>    v.<br>KATHLEEN HANNI,<br><br>                Defendant.<br>_____/ | No. C 13-01646 LB<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO AMEND AND ADD PARTIES**<br><br>[ECF No. 34] |

On April 11, 2013, *pro se* Plaintiff Mark Mogel filed a complaint against Defendant Kathleen Hanni alleging impersonation through an internet website, "conspiracy," and defamation. Complaint, ECF No. 1 at 7-11.[1] After Hanni answered the complaint, the court held an initial case management conference and set November 25, 2013 as the deadline for Mogel to seek leave to amend the complaint or add parties. In the pending motion, which was filed on or just after the deadline, Mogel seeks leave to file an amended complaint that would name additional defendants and add a claim for invasion of privacy. *See* Motion and Proposed First Amended Complaint, ECF No. 34. The court finds this matter suitable for disposition without a hearing under Civil Local Rule 7-1(b) and GRANTS Mogel's request to file the Proposed First Amended Complaint.

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronic page number at the top of the document.

C 13-01646 LB
ORDER

**STATEMENT**

In his original complaint, Mogel alleges that Defendant Kathleen Hanni is liable for conspiracy and defamation both "individually and as executive director for the COALITION FOR AN AIRLINE PASSENGER'S BILL OF RIGHTS, a/k/a FLYERSRIGHTS.ORG, and as director for the FLYERS RIGHTS EDUCATION AND ASSISTANCE CORPORATION, and as owner-operator of KATE HANNI REAL ESTATE." *See* Complaint at 1. Mogel alleges that from July 2007 to August 2009, he and Hanni engaged in an extra-marital affair. Complaint at 3-5. Both during and after the affair, Hanni defamed Mogel by falsely telling associates that Mogel "drugged and raped her after she was caught spending the night with" him. *Id.* at 4. Hanni also filed a false police report that accused Mogel of hacking her computer, stealing a sex video, and attempting to extort money from her. *Id.* Hanni filed a lawsuit against Delta Airlines based on similar allegations of computer hacking and extortion. *Id.* at 5. In an article published in Travel Weekly, a national travel publication, Hanni accused Mogel of being involved in that conspiracy. *Id.* The FBI and other law enforcement agencies investigated the allegations and concluded they were fabricated. *Id.* at 5-6. Hanni subsequently dismissed her lawsuit against Delta two weeks before Mogel's deposition. *Id.* at 6. In order to clear his name, Mogel published a book titled "Diverted: High Fliers and Frequent Liars," which was published in March 2012. *Id.*

Beginning on or about April 12, 2012, Hanni acquired the websites markmogel.com and marksmogel.blogspot.com, on which she impersonated Mogel and made false allegations about him and his book. *Id.* at 7. Around the same time, Hanni also acquired the e-mail address markmogel@gmail.com, which she used to impersonate Mogel and send e-mail messages to reporters, attorneys, and private individuals, directing them to the markmogel.com website. *Id.* at 7-8. Hanni also conspired with third parties to post false, defamatory allegations and book reviews on Amazon.com. Finally, on May 15 or 16, 2012, Hanni acquired the website diverted-high-flyers-and-frequent-liars-review.com, on which she published additional defamatory comments. *Id.*

Hanni answered the complaint on August 22, 2013. *See* ECF No. 15. The court held an initial case management conference on October 24, 2013. *See* Minute Entry, ECF No. 30. On October 31, 2013, the court issued a Case Management and Pretrial Order that set November 25, 2013 as the

deadline to seek leave to add new parties or amend the pleadings. *See* CMC Order, ECF No. 33 at 2.

On December 3, 2013, Mogel filed[2] a motion for leave to file an amended complaint along with a copy of his proposed first amended complaint ("PFAC"). *See* Motion, ECF No. 34.

There are three main differences between the PFAC and the original complaint. First, the PFAC names as defendants the Coalition for an Airline Passengers Bill of rights, LLC and the FlyersRights Education and Assistance Corporation (collectively, the "Organization Defendants"). *See* PFAC, ECF No. 34 at 6. In contrast, Hanni is the only defendant named in the original complaint (individually and in her capacities in the Organization Defendants and Kate Hanni Real Estate). *Compare* PFAC, *with* Complaint, ECF No. 1 at 1. Second, the PFAC relies on an additional exhibit that Mogel contends shows that the Coalition for an Airline Passengers' Bill of Rights owned the markmogel.com domain. Motion at 2. Finally, the PFAC includes an additional claim for invasion of privacy. *See* PFAC ¶¶ 63-72.

**ANALYSIS**

Hanni opposes the motion to amend, arguing that it is untimely and legally deficient and she would suffer prejudice as a result of the amendment. *See* Opp'n, ECF No. 37.

Under Federal Rule of Civil Procedure 15(a), leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a); *see Sonoma Cnty. Ass'n of Retired Employees v. Sonoma Cnty.*, 708 F.3d 1109, 1118 (9th Cir. 2013). Because "Rule 15 favors a liberal policy towards amendment, the nonmoving party bears the burden of demonstrating why leave to amend should not be granted." *Genentech, Inc. v. Abbott Laboratories*, 127 F.R.D. 529, 530-31 (N.D. Cal. 1989) (citation omitted). Courts generally consider five factors when assessing the propriety of a motion for leave to amend: undue delay, bad faith, futility of amendment, prejudice to the opposing party and whether the party has previously amended the pleadings. *Ahlmeyer v. Nev. Sys. of Higher Educ.*, 555 F.3d 1051, 1055 n.3 (9th Cir. 2009).

Where a party seeks leave to amend after the date specified in a scheduling order, Rule 16(b) also applies. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992). Under

---

[2] As discussed below, the parties dispute the actual filing date.

1    Rule 16(b), "[a] schedule shall not be modified except upon a showing of good cause and by leave

2    of the district judge." *Id.*; *see* Fed. R. Civ. P. 16(b)(4). Therefore, a party seeking to amend a

3    pleading after the date specified in a scheduling order must first show "good cause" for the

4    amendment under Rule 16(b), and second, if good cause is shown, the party must demonstrate that

5    the amendment is proper under Rule 15. *Id.*

6       In order to determine whether good cause exists to modify the scheduling order, courts focus on

7    the reasonable diligence of the moving party. *See Noyes v. Kelly Servs.*, 488 F.3d 1163, 1174 n.6

8    (9th Cir. 2007); *see also Johnson*, 975 F.2d at 609 (stating that "carelessness is not compatible with

9    a finding of diligence and offers no reason for a grant of relief" under Rule 16(b); adding that "the

10   existence or degree of prejudice to the party opposing the modification might supply additional

11   reasons to deny a motion, [but] the focus of the inquiry is upon the moving party's reasons for

12   seeking modification"). "If that party was not diligent, the inquiry should end." *Johnson*, 975 F.2d

13   at 609.

14      The parties dispute whether Mogel's motion was filed on or after the November 25 deadline in

15   the court's scheduling order. *See* Opp'n at 2; Reply at 2, 6-8. Hanni points out that the docket

16   shows that the motion was filed on December 3, 2013. *See* Docket. In reply, however, Mogel

17   argues that FedEx delivered his motion to the Clerk's Office by the November 25 deadline and he

18   attaches a FedEx proof-of-delivery document that supports his argument. *See* Reply at 8. The court

19   accepts Mogel's evidence showing that his motion was timely delivered to the clerk's office but not

20   posted to ECF until a later date.[3] Accordingly, the court finds that the liberal Rule 15(a) standard

21   applies.

22      Even if Mogel had not filed his motion to amend until December 3, 2013, the court would find

23   that he acted with reasonable diligence in seeking leave to amend. Mogel argues that he did not

24   discover the basis for adding the claim against the Organization Defendants until November 17,

25   2013 and he acted quickly thereafter. *See* Reply at 1-2. Given that this case is still in the early

---

[3] It also appears that Mogel's reply brief was not immediately posted to the docket. To prevent this in the future, Mogel should take care to mark the courtesy copies of his filings as "Chambers Copy." Civil Local Rule 5-2(b). The court also would likely grant a motion to permit Mogel to file electronically, should he so request.

stages of litigation, Mogel's representation is sufficient.

Under the Rule 15(a) standard, Hanni fails to meet her burden of showing why leave to amend should not be granted. She first argues that Mogel's motion fails to state with particularity the grounds for seeking leave to amend and does not technically comply with the local rules because he did not notice a hearing date. Opp'n at 3. The court disagrees. Mogel's motion explains why he seeks to add the Organization Defendants to the case and provides context for his allegations. *See* Motion, *passim*. The new exhibit further supports those allegations. *See* ECF No. 34 at 24. Finally, the court is unwilling to rely on a minor technical deficiency to deny a motion to amend filed early in the case by a *pro se* litigant. Such an error falls well within the leeway that federal courts give to *pro se* litigants.

Hanni also argues that adding two parties will unnecessarily delay the case and increase costs. Hanni's arguments are speculative and unsupported by factual detail or legal authority. The court finds no evidence of prejudice on this record. Accordingly, the court grants Mogel's motion for leave to file an amended complaint.

## CONCLUSION

For the reasons discussed, the court **GRANTS** Mogel's motion to file the proposed First Amended Complaint. Mogel may file a complete copy of the amended complaint within the next 14 days. The court vacates the January 16, 2014 hearing date.

**IT IS SO ORDERED.**

Dated: January 10, 2014

_____
LAUREL BEELER
United States Magistrate Judge